**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

JOHN CECIL,
on behalf of himself and all others similarly
situated,

                    Plaintiff,       |    Civil Action No. 16-CV-00410-KEW

vs.

BP AMERICA PRODUCTION COMPANY
(f/k/a Amoco Production Company) (including
BP Amoco Corporation, ARCO, BP Exploration,
Inc., BP Corporation North America, Inc., and
BP Energy Company),

                    Defendant.

**MOTION TO AUTHORIZE DISTRIBUTION OF SETTLEMENT FUNDS TO**
**PAY LITIGATION AND ADMINISTRATION EXPENSES**

      Plaintiff Settlement Class moves the Court to authorize the distribution from the Gross

Settlement Fund to pay outstanding Litigation Expenses and Administration Expenses.[1] In support

of this request, Plaintiff Class states:

**ADDITIONAL LITIGATION EXPENSES**

      1.      On November 19, 2018, the Court entered an Order Awarding Attorneys' Fees,

Reimbursement of Litigation Expenses, and Case Contribution Award [Doc. 260] ("Expenses

Order").

      2.      The Expenses Order provides that "Class Counsel is awarded $1,483,739.39 in past

expenses and may request any additional amount Class Counsel may incur after the entry of this

Order, not to exceed the remainder of $1,600,000, upon 10 days' written notice of the Court."

---

[1] All capitalized terms not otherwise defined herein shall have the meaning given to them
in the Settlement Agreement [Doc. No. 171-1].

3.      Pursuant to the Expenses Order [Doc. 260], Plaintiff respectfully requests the following actually-incurred Litigation Expenses be paid from the Escrow Account:

(a)      Expenses incurred by The Lanier Law Firm in the amount of $32,512.64, as set out in the Declaration of Reagan E. Bradford, attached hereto as **Exhibit 1**; and

(b)      Expenses incurred by Rex A. Sharp, P.A. in the amount of $22,573.20 as set out in the Declaration of Rex A. Sharp, attached hereto as **Exhibit 2.**

With the payment of these amounts, the Litigation Expenses would total $1,538,825.23, which is less than the $1,600,000 cap on Litigation Expenses.

**SETTLEMENT ADMINISTRATION EXPENSES**

4.      On November 19, 2018, the Court also entered its Order Approving Class Action Settlement and Final Judgment [Doc. 259] ("Final Approval Order").

5.      The Final Approval Order "directs the Settlement Administrator [JND Legal Administration] to continue to assist Class Representative in completing the administration and distribution of the same in accordance with the Settlement Agreement, this Judgment, and Plan of Allocation approved by the Court, and the Court's other orders." [Doc. 259 at ¶13].

6.      Pursuant to Paragraph 1.1 of the Settlement Agreement [Doc. 171-1], "'Administration, Notice, and Distribution Costs' means the reasonable and necessary fees, costs, and expenses charged by the Settlement Administrator (or any consultant retained by the Settlement Administrator, which may include Dan Reineke, an IT consultant, and landman) and generated or incurred in the administration, distribution, and notification of the Settlement, including, without limitation, fees, costs, and expenses of: ... (f) calculating the amount each Class Member who does not timely and properly submit a Request for Exclusion will receive under the Final Plan of Allocation. Administration, Notice, and Distribution Costs also include the costs

2

described in (a) through (f) above incurred by Plaintiff's Counsel and/or Plaintiff's third party experts or consultants for purposes of administration, distribution, and notification."

7.      Pursuant to the Settlement Agreement [Doc.171-1] and the Final Approval Order [Doc. 259], Plaintiff Class respectfully requests the following actually-incurred Administration Expenses be paid from the Gross Settlement Fund:

(a)      Invoice #181201, dated December 31, 2018, from Daniel T. Reineke, in the amount of $30,012.50 for work on the allocation, attached hereto as **Exhibit 3**; and

(b)      Invoice #190101, dated January 11, 2019, from Daniel T. Reineke, in the amount of $15,575.00 for work on the allocation, attached hereto as **Exhibit 4.**

8.      These actually-incurred expenses are Administration Expenses pursuant to Paragraph 1.1 of the Settlement Agreement [Doc. 171-1].

9.      Pursuant to the Court's Order Approving Class Action Settlement and Final Judgment, the Released Claims against the Released Parties, which include Defendant, have been dismissed with prejudice. [Doc. 259 at ¶ ¶11]. Plaintiff Class presents this motion without opposition.


Plaintiff Class respectfully moves for the Court to authorize distribution from the Escrow Account of funds to pay: (1) the additional Litigation Expenses of The Lanier Law Firm in the amount of $32,512.64 as set out in the Declaration of Reagan E. Bradford (Exhibit 1); (2) the additional Litigation Expenses of Rex A. Sharp P.A. in the amount of $22,573.20 as set out in the Declaration of Rex A. Sharp (Exhibit 2); and (3) the Administration Expenses shown in invoices attached as Exhibits 3 and 4, in the total amount of $45,587.50 to Daniel T. Reineke, and for the entry of the proposed order that will be submitted to chambers pursuant to the Court's CM/ECF Manual.

Respectfully submitted,

s/ Rex A. Sharp_____
REX A. SHARP, OBA No. 011990
Barbara C. Frankland, OBA No. 33102
Ryan C. Hudson, OBA No. 33104
Rex. A. Sharp, P.A.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
bfrankland@midwest-law.com
rhudson@midwest-law.com

REAGAN E. BRADFORD
OBA No. 22072
W. MARK LANIER (*Pro Hac Vice*)
Texas State Bar No. 11934600
The Lanier Law Firm
*Houston Office:*
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
*Oklahoma Office:*
100 E. California Avenue, Suite 200
Oklahoma City, OK 73104
WML@lanierlawfirm.com
Reagan.Bradford@lanierlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, a true and correct copy of the above and foregoing

document was served in accordance with the Local Rules on all counsel of record *via* the Court's

electronic filing system.

s/ Rex A. Sharp_____
REX A. SHARP

4