**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN CECIL, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-16-410-KEW |
| BP AMERICA PRODUCTION COMPANY (f/k/a Amoco Production Company)(including BP Amoco Corporation, ARCO, BP Exploration, Inc., BP Corporation North America, Inc., and BP Energy Company). | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## O R D E R

This matter comes before the Court on Settlement Class Members, Chieftain Royalty Company and Castlerock Resources, Inc.'s Motion to Exercise Exclusive and Continuing Jurisdiction to Enforce, Construe, and Interpret the *Cecil* Settlement Agreement and Request for Hearing (Docket Entry #293). This action was filed as a putative class action to "bring claims to rectify BP's actual, knowing, and willful underpayment or non-payment of royalties on natural gas and/or constituents of the gas stream produced from wells through improper accounting methods (such as not paying on the starting price for gas products but instead taking improper deductions) and by failing to account for and pay royalties . . .

."[1]   On April 13, 2018, Plaintiff filed a Motion to Certify Settlement Class, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Fairness Hearing.[2]   Appended to the Motion was the parties' Settlement Agreement.   After a hearing, the Court entered an Order preliminarily approving the settlement class and associated settlement on September 5, 2018.[3]   An Order of final approval of the class and class action settlement was entered on November 19, 2018 after a final fairness hearing.[4]

Meanwhile, Chieftain Royalty Company and Castlerock Resources, Inc. filed a putative class action case against BP America Production Company in the District Court in and for Nowata County, Oklahoma which was eventually removed to the United States District Court for the Northern District of Oklahoma on January 23, 2018.[5]   Plaintiffs asserted claims for "Defendant's willful and ongoing violations of Oklahoma law related to payment of statutory interest on late payments of oil and gas production proceeds . . . to persons with a legal interest in the mineral acreage under a well which entitles such person(s)          . . . to payments of O&G Proceeds."[6]

---

[1] *See*, Plaintiff's Second Amended Class Action Complaint (Docket Entry #180).
[2] Docket Entry #171.
[3] Docket Entry #224.
[4] Docket Entry #259.
[5] Chieftain Royalty Company and Castlerock Resources, Inc. v. BP America Production Company, Case No. 4:18-CV-00054-GKF-JFJ.
[6] *See*, Plaintiff's First Amended Complaint (ND Docket Entry #39).

After the Cecil case was settled in this District, the Chieftain case proceeded in the Northern District culminating in Defendant filing a Motion for Partial Summary Judgment seeking to enforce the Cecil settlement against the claims asserted by the Chieftain Plaintiffs, contending that the claims were subsumed into the class settled in Cecil. In response, the Chieftain Plaintiffs sought to stay the case pending in the Northern District of Oklahoma to permit this Court to interpret the terms of the Cecil Settlement Agreement and the defined Released Parties to determine whether the claims in Chieftain were released. Alternatively, Chieftain Plaintiffs sought to transfer the case to this District. The Chieftain Plaintiffs also filed the subject Motion in this case.

Judge Frizzell in the Chieftain case denied the transfer of the case by minute order. He also denied the request to stay the case, specifically finding "*as '[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . .' Smith v. Bayer Corp., 564 U.S. 299, 307 (2011).*"[7]

The subject Motion refers to the retention of jurisdiction terms in the Settlement Agreement which states that

> All disputes and proceedings with respect to the administration, enforcement, and interpretation of the Settlement Agreement

---

[7] ND Docket Entry #79.

shall be subject to the jurisdiction of the Court.[8]

The Order Approving the Settlement and Final Judgment also included language that this Court would retain jurisdiction over the "implementation, enforcement, construction, and interpretation of the Settlement Agreement and resulting Settlement."[9]

It appears that the primary point of contention lies in whether the class and Released Parties defined in this case included the claims asserted in the Chieftain case. In an attempt to have this issue resolved, the Chieftain Plaintiffs seek to have this Court invade the jurisdiction of the District Court in the Northern District and enjoin that action for proceeding. This Court certainly retained jurisdiction in the terms of its Order to interpret the terms of the Settlement Agreement as it pertains to this case and the claims asserted in this case. This retention is not without limitations. The Chieftain Plaintiffs would have this Court impose its jurisdiction beyond the confines of the Cecil case and interfere in the administration of the Chieftain case. This expands the retained jurisdiction beyond the intended boundaries. While the case pertains to the relationship between a state court and a federal court, the sentiment remains persuasive – the second subsequent court should be permitted to determine

---

[8] Settlement Agreement (Docket Entry #171-1).
[9] Order (Docket Entry #259).

4

whether a prior judgment has preclusive effect over the claims asserted in the case pending before it. <u>Smith v. Bayer</u>, 564 U.S. 299, 307 (2011)(citations omitted). Indeed, Judge Frizzell has now done so through his recent ruling on Defendant's Motion for Partial Summary Judgment, which is both well-supported and well-reasoned.[10] This ruling demonstrates that Judge Frizzell was in an equal or better position to this Court in determining the effect of the <u>Cecil</u> Settlement Agreement and Judgment upon the claims and parties in the <u>Chieftain</u> case pending before him. Nothing in the Settlement Agreement or the Judgment precluded him from doing so. This Court will not disturb his assertion of jurisdiction or his ruling.

IT IS THEREFORE ORDERED that Settlement Class Members, Chieftain Royalty Company and Castlerock Resources, Inc.'s Motion to Exercise Exclusive and Continuing Jurisdiction to Enforce, Construe, and Interpret the *Cecil* Settlement Agreement and Request for Hearing (Docket Entry #293) is hereby **DENIED**.

IT IS FURTHER ORDERED that BP America's Motion for Extension of Time to Respond to Chieftain and Castlerock's Motion Relating to Its Preclusion Defense in the Northern District of Oklahoma (Docket Entry #296) is hereby **DENIED** as a response is not required since this Court may determine its jurisdiction *sua sponte*.

---

[10] Order (ND Docket Entry #122).

IT IS SO ORDERED this 28th day of May, 2020.

_____

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE